THE GULF, COLORADO & SANTA FE RAILWAY COMPANY
v. W. L. KIZZIAH.

No. 48.

1. **Master and Servant—Fellow Servants—Ignorance of Danger.** While plaintiff, an inexperienced car repairer, was at work with a fellow servant, repairing the drawhead of a baggage car, two passenger coaches which had been placed on a spur track, with air brakes set, moved on him, striking him in the back and crushing him. *Held,* that plaintiff was not chargeable with the negligence of his fellow servant in failing to set the hand brakes on the passenger coaches, or to block the wheels, as required by the rules of the company, where he was ignorant of the danger of working between coaches held by air brakes, and had not been furnished with the company's rules, though he had repeatedly applied to the foreman for them.

2. **Charge of Court—Evidence Warranting.**—Evidence that the air brakes were not sufficient to hold the two passenger coaches in place, though they were on ground nearly level, and the air brake holding the baggage car on which the work was being done was sufficient to keep it stationary, warrants the court in submitting to the jury the question whether the air brakes on the passenger coaches were defective.

3. **Same—Charge Confined to Issues.**—A requested charge as to matter not put in issue by either the pleadings or the evidence, is properly refused.

4. **Same—Requested Instruction.**—A special charge is properly refused where it is, in effect, a peremptory order to the jury to find for the defendant upon the conditions therein named, ignoring other material issues in the case.

5. **Same—Charge Properly Connected and Modified.**—A requested charge, that plaintiff is not entitled to recover if the injuries were caused by the negligence of his fellow servant in failing to set the hand brakes, or block the wheels on the passenger coaches, is properly modified by requiring it to be considered in connection with the portion of the charge relating to plaintiff's inexperience, ignorance of the danger, and the failure of the company to provide him with the rules.

ON MOTION FOR REHEARING.

6. **Practice on Appeal — Assignments of Error.** — The method of grouping together several assignments of error, each one containing in itself distinct propositions, and submitting the assignments as in themselves propositions, is so violative of Rule 29 of the Supreme Court as to warrant the appellate court in overlooking a specific objection so confusedly urged.

7. **Same—Proposition Without Assignment.**—An assignment asserting error in a given paragraph of the charge, and stating four specifications of

error, relating exclusively to the character of plaintiff as car inspector. and to his duties as such, but without reference to any issue of defective air brakes. will not support a proposition in appellant's brief to the effect that the court erred in submitting the issue whether the air brakes were defective because there was no evidence to warrant such charge.

APPEAL from Johnson.    Tried below before Hon. J. M. HALL.

*J. W. Terry*, for appellant.—1.  In the most limited sense of the term as legally understood, the plaintiff and Renfro were fellow servants; they were working side by side, not as car inspectors, but as car repairers, in the undertaking to repair a defect known to both of them.   Renfro not having the power to employ or discharge plaintiff, if it be a fact, as claimed by plaintiff, that he was under the direction of Renfro, did not constitute Renfro a vice-principal and render the defendant liable to the plaintiff for Renfro's negligence.   Railway v. Blohn, 73 Texas, 639; Robinson v. Railway, 46 Texas, 541.

2.  Car inspectors and car repairers, while not as to employes in other departments, are as to each other fellow servants.   McKinney on Fel. Serv., 291; Peterson v. Railway, 34 N. W. Rep., 260; McBride v. Railway, 21 Pac. Rep., 687.

3.  The brakemen or switchmen who left the cars unsecured, except by the air brakes, were fellow servants of the plaintiff.   McKinney on Fel. Serv., 267; Dallas v. Railway, 61 Texas, 196.

4.  When the master furnishes machinery reasonably safe for the purpose for which it is intended to be used, and it is used by an employe for a purpose not intended by the master, a fellow servant of such employe can not recover on account of an accident caused by such use.   Railway v. Scott, 64 Texas, 549.

5.  There was no evidence before the jury that the air brakes were in any respect defective.   It is reversible error for the court to charge upon an issue in support of which there is no evidence, as it creates in the minds of the jury an impression that in the opinion of the court there is sufficient evidence to warrant a finding upon such issue.   Bigham v. McDowell, 69 Texas, 100; Railway v. Kuehn, 70 Texas, 583; Railway v. Blohn, 73 Texas, 639; Austin v. Talk, 20 Texas, 167; Cook v. Dennis, 61 Texas, 248; Railway v. Greenlee, 62 Texas, 344; Box v. Ward, 65 Texas, 160; Lee v. Yandell, 69 Texas, 34.

*Poindexter & Padelford*, for appellee.— 1.  The verdict of the jury is not contrary to the law; for when an employer knows that the service to which he subjects an employe is dangerous (the service being one in which the employe is inexperienced), it is his duty to inform the employe of the danger; and if injury results from such neglect the employer

is liable, even though the employe should fail to ask for such information. To the inexperienced servant entering upon a dangerous service, the master owes the duty of not only full information, but also of protection from a known danger as far as reasonably practicable. Gates v. The State, 128 N. Y., 221; Railway v. Watts, 64 Texas, 568; Railway v. Callbreath, 66 Texas, 528, 529; Wood's Mast. and Serv., sec. 349; McKinney on Fel. Serv., 107, sec. 40; Brennan v. Gordon, 118 N. Y., 489; Barkhurst v. Johnson, 50 Mich., 70; Smith v. Car Works, 60 Mich., 501; Atkins v. Thread Works, 142 Mass, 431; Whitelaw v. Railway, 16 Lea, 391; Wheeler v. Manf. Co., 135 Mass., 294.

2. It is the duty of the master to make and publish such regulations and provisions for the safety of employes as will afford them reasonable protection against the dangers incident to the performance of their respective duties. It is as much the duty of the master to publish and promulgate as to make such regulations; and should a master fail to perform this duty, and the servant is injured by reason thereof, the master is responsible for the damages resulting therefrom. McKinney on Fel. Serv., sec. 24(d); Abel v. Canal Co., 103 N.Y., 581; Edel v. Canal Co., 128 N. Y., 581; Reagan v. Railway, 93 Mo., 349; Railway v. Lavalley, 36 Ohio St., 221; 3 Wood on Rys., 1488, sec. 382.

3. If the negligence of the master contribute, that is to say, has a share, in producing the injury, the master is liable, even though the negligence of fellow servants was contributory also; that is, when a servant receives an injury occasioned in part by the negligence of the master and in part by that of a fellow servant, he can maintain an action against the master for such injury. The defendant failed at the request of plaintiff to furnish him with a copy of its rules, and failed to inform plaintiff of the danger of going between cars held by air brakes, and having thereby contributed to his injury, can not absolve itself from liability by showing that certain fellow servants of plaintiff also contributed by their negligence to his injury. Railway v. Watts, 64 Texas, 570; Railway v. Cummings, 106 U. S., 700.

4. Assignments 19, 20, and 26 each merely states that the court erred in a certain portion of the charge, copying a portion of the charge, without specifying wherein, how, or the reason why the court erred in giving such portions of the charge. None of them distinctly specify and set forth the grounds of error relied on, show how, why, or wherein the lower court erred. " Each assignment of error should contain a distinct ground for the reversal of the judgment, with the specification of the reason why it should be reversed." Robertson v. Coates, 1 Texas Civ. App., 673; 2 Sayles' Civ. Stats., art. 1037, note 3; Pearson v. Flanagan, 52 Texas, 276; Flanagan v. Womack, 54 Texas, 52; Tudor v. Hodges, 71 Texas, 392; Handel v. Kramer, 1 W. & W. C. C., sec. 826; Pfuefer v. Wilderman, 1 W. & W. C. C., sec. 1170

TARLTON, Chief Justice.—This case is brought before us by appeal from a judgment of the District Court of Johnson County, founded on a verdict of a jury, returned December 20, 1888, for the sum of $4666 in favor of appellee against appellant.

The suit is for damages for personal injuries inflicted on November 2, 1888, while appellee was in the service of appellant as night car inspector and repairer, at Cleburne, Texas.

*Conclusions of Fact.*—On the night of November 2, 1888, at 8:30 p. m., one of defendants' passenger trains, consisting of an engine, a baggage car, and two passenger coaches, came into Cleburne from Paris, Texas. Some slight repairs were needed about the "Miller drawhead" on the baggage car attached to this train. The train was consequently switched on to a spur track, and the engine was detached. The baggage car was separated from the two passenger coaches, about eight feet intervening. The air brakes connected with each car were set, and the cars thus detached were left stationary on the spur track.

At the bidding of one C. L. Renfro, with whom appellee was working, and who was doing the mechanical labor in making the repairs, appellee, in holding certain chains, which otherwise would have obstructed Renfro, and in holding a light to assist Renfro in making the repairs, assumed a position which placed his body in front of the drawhead of the baggage car, with the two passenger coaches at his back. In this position the detached coaches moved upon him, striking him in the back, and thus crushing him between the drawheads of the coaches, causing his serious injury.

The plaintiff was inexperienced in this business of night car inspector, as defendant knew. It was dangerous to work between coaches held by air brakes, as defendant also knew, though plaintiff did not. Printed rules and regulations of the company prescribed that air brakes must not be depended upon to hold cars left at stations, and these rules, as interpreted by appellant's agents and witnesses, required that the plaintiff, or C. L. Renfro, should, in the discharge of their duties, have applied hand brakes to the detached coaches. Had these hand brakes been properly applied, or had the wheels of the detached coaches been properly blocked, the accident would not have occurred.

Plaintiff had been informed that these rules and regulations would apprise him of his duties. He had applied to C. M. Baker, foreman of the company's round house and yards, who had, on the 15th of October, 1888, employed him in this service as night inspector, for a copy of these rules and regulations. This application he made as many as three times during the course of his employment, the last application having been made only a few nights before the injury was inflicted on him. Baker had failed to furnish him the rules. Had the defendant furnished the

plaintiff with its rules and regulations he would not have gone between these coaches held apart by air brakes alone, and would consequently have avoided the injuries.

*Conclusions of Law.*—The foregoing facts with reference to the experience of the plaintiff, and of the refusal of Baker to furnish him with the rules and regulations of the company, were strenuously contested by the witnesses of the appellant in the court below.   These facts were, however, sworn to by the appellant, and the verdict of the jury importing that they believed him, we feel constrained to adopt their evident conclusions.

The twenty-second, twenty-third, twenty-fourth, and twenty-sixth assignments of error are first called to our attention in the appellant's brief. They complain alike of the verdict of the jury as contrary to the law and to the evidence.   They assert the contention, that under the evidence, Renfro and the plaintiff were fellow servants, as were also the switchmen who left the two passenger coaches on the track; that the injuries inflicted upon appellee were due to the negligence of himself, or of his fellow servant Renfro, or the switchmen, in failing to use hand brakes in fastening the detached coaches, and in relying exclusively, in violation of appellant's rules, upon air brakes for the purpose of holding these coaches.

Appellee's petition contains, in effect, two counts:   (1) That the injury inflicted upon him was due to the negligence of the defendant company in failing to supply the detached coaches with sufficient air brakes. (2) That if the air brakes were in fact sufficient, and if the movement of the detached coaches was due to the failure of the switchmen and the plaintiff himself and his co-employe Renfro, to set the hand brakes or block the wheels, it being unsafe to depend on air brakes to hold the coaches, yet plaintiff is not chargeable with such negligence, and the defendant is nevertheless responsible to him, because he was inexperienced in the duties of night car inspector, and because of his ignorance of the rules of the defendant company with reference to the discharge of his duties, and because of the failure of defendant's foreman, Baker, to furnish him with these rules, as stated in the conclusions of fact above set out. In conformity with this second count, and with the evidence sustaining the allegations thereof, the court instructed the jury as follows:

" The court instructs you, that if you believe from the evidence that plaintiff entered the service of defendant as car inspector and repairer, and that he was at the time inexperienced and not acquainted with such business, and that said business was attended with latent dangers such as were not known to the plaintiff, and were not discoverable by the careful use of his senses, and that such latent dangers, if any, were not known to the plaintiff; and shall believe from the evidence that the agent of defendant

knew plaintiff was inexperienced and unacquainted with the business undertaken by him, and that with such knowledge defendant failed to inform plaintiff of such latent dangers, if any such there were, and of the rules and regulations of defendant controlling and governing him, plaintiff, while in the discharge of his duties, and shall believe he applied to the defendant's agents by whom he had been employed for a copy of such rules and regulations, and shall believe that defendant's employer, whose duty it was to furnish plaintiff with such rules and regulations, failed and neglected to furnish plaintiff with the same when required so to do, and shall further believe that plaintiff was injured because of such failure as alleged in his petition, then you will find for plaintiff.''

This charge embodied the law applicable to the pleadings of the plaintiff referred to, and to the evidence sustaining the same. Railway v. Watts, 64 Texas, 568; Railway v. Callbreath, 66 Texas, 528. We are therefore unable to sustain the assignments of error referred to.

In its tenth and eleventh assignments of error, appellant complains of the refusal of the court to give the special charges set out respectively in them. These charges were properly refused. They embodied the question of proper care in the selection and employment of Renfro as a servant by defendant, and neither the pleadings nor the evidence raised such an issue. Railway v. Gilmore, 62 Texas, 391.

In the nineteenth assignment of error, complaint is made, that the court erred in submitting in its charge to the jury the question as to whether or not the air brakes attached to the car causing the injury were defective. It is contended, that there was no evidence that the air brakes were in any respect defective. The evidence bearing upon this issue was, in our opinion, extremely meager. There were, however, circumstances indicating that the air brakes were defective. These circumstances consist mainly in the fact that they were not sufficient to hold the detached cars, though the latter were on ground apparently level, or nearly so, and that the air brake holding the baggage car on which the work was being done was sufficient to keep it stationary. While the evidence on this issue preponderated, in our opinion, in favor of appellant, we are unable to say that the testimony in behalf of appellee was so scant as to justify the court in failing to submit the issue. We are confirmed in our view as to the correctness of this conclusion from the failure of the appellant to complain of the verdict on this ground.

The fourth special charge, embodied in appellant's thirteenth assignment of error, was also properly refused. It was erroneous, in that it was a peremptory order to the jury to find for the defendant upon the conditions therein named, ignoring the issues arising out of the allegations of the second count in the plaintiff's petition.

The ninth special charge, set out in appellant's eleventh assignment of error, was also properly refused, because it embodies the issue of in-

creased risk after the employment of the plaintiff, which issue in no way arises out of the evidence in this case.

Appellant's twentieth assignment of error complains of the second paragraph of the court's charge, which we have already set out, as being without support in the evidence. The conclusions of fact found by us indicate that we do not concur with appellant in this contention.

The testimony of C. V. Meyers, complained of in appellant's ninth assignment of error, was, in our opinion, properly admitted. It was admitted solely for the purpose of impeaching the testimony of the witness Renfro, who had been previously interrogated on the same subject matter, and who had denied the statement about which witness Meyers was called to testify. The testimony complained of referred to a material issue in the case, namely, whether or not plaintiff had demanded of the foreman, C. M. Baker, the rules and regulations of the defendant.

Upon the request of the jury, the court gave them the following additional instruction:

"The court, in compliance with your question, instructs you, that if you believe from the evidence that Renfro and plaintiff were fellow servants, that is, engaged in the same kind of work, and if it was the duty of said Renfro to see that the cars under their inspection and upon which they were at work were fastened either by the hand brakes or by scotching the same in some other way, so as to prevent the same from moving, and if they or either one of them failed to perform that duty, and the plaintiff was injured by reason of such failure, then he can not recover in this suit; *but this instruction is to be considered in connection with the whole charge herein before given by the court.*"

Appellant complains, in its twenty-sixth assignment of error, of the concluding clause of this instruction. We think that this clause was properly inserted, so that the charge might be made to conform to the second paragraph previously read to the jury, and thus to avoid the appearance of contradiction in the instructions of the court.

The judgment is affirmed.

*Affirmed.*

Delivered January 10, 1893.

### ON MOTION FOR REHEARING.

*J. W. Terry,* for appellant.—1. This court erred in failing to sustain the nineteenth assignment of error, and in holding that the court below did not err in charging the jury as set forth in said assignment. [See the opinion.] It is error for the trial court to charge the jury upon supposed issues, upon which there is no evidence that will reasonably warrant the jury in finding in favor of the party in whose favor the charge is given. Railway v. Scott, 1 Texas Civ. App., 1; Railway v.

Barrager, 14 S. W. Rep., 242; Railway v. Thomas, 42 Ala., 672; Railway v. Allen, 78 Ala., 494; 28 Am. and Eng. Ry. Cases, 514; Pierce on Rys., 383; Railway v. Houck, 72 Ill., 285; Railway v. Stewart, 13 Lea, 432; 21 Am. and Eng. Ry. Cases, 614; Case v. Railway, 64 Iowa, 762; Hudson v. Railway, 41 Am. and Eng. Ry. Cases, 348; Railway v. Mallory, 31 Am. and Eng. Ry. Cases, 352; Mitchell v. Railway, 12 Am. and Eng. Ry. Cases, 163.

2. We think it established by the foregoing authorities, that the mere fact that the car moved was no evidence that its movement was caused by any defect or any negligence of the defendant. Unless the mere happening of an accident is sufficient evidence of the existence of a defect, which assumption is opposed to all the authorities cited, there was no evidence before the jury in this case that there was any defect in the air brake. The Supreme Court has repeatedly decided, that a charge of this character, making the liability of the employer depend solely on the existence of a defect, regardless of the question whether or not the employer had used reasonable and ordinary diligence to discover and guard against the defect, is erroneous. Railway v. Wells, 81 Texas, 685; Railway v. Johnson, 19 S. W. Rep., 151; Railway v. Williams, 18 S. W. Rep., 700; Railway v. Hoffman, 18 S. W. Rep., 741; Railway v. Thomas, 42 Ala., 672.

TARLTON, Chief Justice.—In this motion appellant elaborately insists that error was committed by us in the following portion of the original opinion in this case:

"In the nineteenth assignment of error complaint is made that the court erred in submitting in its charge to the jury the question as to whether or not the air brakes attached to the car causing the injury were defective. It is contended, that there was no evidence that the air brakes were in any respect defective. The evidence bearing upon this issue was, in our opinion, extremely meager. There were, however, circumstances indicating that the air brakes were defective. These circumstances consist mainly in the fact that they were not sufficient to hold the detached cars, though the latter were on ground apparently level, or nearly so, and that the air brake holding the baggage car on which the work was being done was sufficient to keep it stationary. While the evidence on this issue preponderated, in our opinion, in favor of appellant, we are unable to say that the testimony in behalf of appellee was so scant as to justify the court in failing to submit the issue. We are confirmed in our view as to the correctness of this conclusion from the failure of the appellant to complain of the verdict on this ground."

In this connection we state:

1. As we read the record, appellant failed, in any manner sufficient to challenge the attention of this court, to complain of the verdict on

the ground that there was *no* evidence that the air brakes in question were defective. No proposition embracing this ground, either formally or substantially, is set out either in its motion for a new trial or in its assignments of error.

In its twenty-fourth assignment of error, which embodied its twelfth ground for a new trial, among a number of other propositions, referring, in some instances, to different and distinct issues, appellant alleges, that "the evidence shows by a great preponderance thereof that * * * the air brakes were not defective." There is a palpable difference between the proposition that the evidence preponderates on a given issue, and the proposition that there is *no* evidence on that issue. Indeed, the proposition that the evidence greatly preponderated in favor of a sufficiency of the air brakes includes the idea that there was evidence, though meager, showing them to be defective.

This twenty-fourth assignment of error is grouped in appellant's brief with the twenty-second, twenty-third, and twenty-fifth assignments of error, and thus grouped, each containing in itself propositions, sometimes cognate and sometimes otherwise, they are submitted as in themselves propositions to be considered by the appellate court. This method of inviting a revision of questions involved is so violative of rule 29 of our Supreme Court with reference to the proper preparation of briefs, that we would probably have merited pardon had we overlooked a complaint so confusedly urged by appellant on the ground referred to. Besides, the action of appellant in itself requesting (as it did in its third special instruction) the submission of this issue of defective air brakes, would tend to cause us to overlook such a complaint, if indeed it had been made.

2. We adhere to our former conclusion, that there was evidence, circumstantial in character, to the effect that the air brakes in question were defective. If there be evidence, though meager, tending to support an issue of fact, it is improper for the court to withdraw this issue from the jury. Parker v. Chancellor, 78 Texas, 528; Railway v. Robertson, 82 Texas, 661; Fitzgerald v. Hart, 17 S. W. Rep., 369. It would probably have been the duty of the court to set aside the verdict had it been rendered on this issue against the great preponderance of the evidence. As indicated, however, in our original opinion, the verdict of the jury was, as we think, founded, not upon the issue of the defective air brakes, but upon the issue of inexperience on the part of the plaintiff, and of the failure of appellant to provide him with proper rules and regulations, as set forth in the second count of his petition.

3. If we be mistaken in the conclusion that there was evidence tending to show defects in the air brakes, an inspection of the record leads us to think that appellant's proposition asserting the contrary did not, in the first instance, merit consideration from us. This proposition is as follows:

"There was no evidence before the jury that the air brakes were in any respect defective. It is a reversible error for the court to charge upon an issue in support of which there is no evidence, as it creates in the minds of the jury an impression that in the opinion of the court there is sufficient evidence to warrant a finding upon such issue."

The proposition is submitted under appellant's nineteenth assignment, asserting error in the first paragraph of the court's charge. This assignment is copied in the brief only *in part.* It contains, as shown by the *record,* not by the *brief,* four specifications of error in regard to the charge to which it refers. The specifications relate exclusively to the character of the plaintiff *as inspector,* and to his duties as such. They do not even remotely refer to the issue of defective air brakes. To have entitled the appellant to a review by us of the proposition referred to, it should have embodied or covered the proposition, substantially at least, in an appropriate assignment of error, and have copied this assignment in its brief. Such action on the part of an appellant is suggested and required by that spirit of fairness to the adverse litigant which evidently caused the adoption of article 1037 of our Revised Statutes, on the subject of assignments of error, and of rules 24 and 29 of our Supreme Court with reference to the submission of causes in the appellate courts. We do not think that it comports with this spirit of fairness that a litigant should be heard to complain in the appellate court of an error in a charge of the trial court, not fundamental in character, which it has wholly failed to include in an appropriate assignment of error. We are of opinion that the remaining grounds of the motion do not require comment.

The motion for a rehearing is overruled.

*Motion overruled.*

Delivered March 22, 1893.

This case did not reach the Reporter with others of its date.