### THE GULF, COLORADO & SANTA FE RAILWAY COMPANY
### v. JOHN T. GILBERT.

#### No. 261.

**1. Measure of Damages—Delayed Freight.**—In cases where a carrier of goods is charged with a knowledge of the special purposes for which the shipper intends to use the property, then, for delay in the delivery, the carrier can be charged with any special damages resulting from such delay which in the nature of things was reasonably within the contemplation of the parties at the time of the shipment; e. g.. rents, or pay for value of its use, for delay in delivering a cotton gin to the owner, shipping it for use in his own business.

**2. Case in Judgment.**—Boiler, engine, and other necessary apparatus for using same, were ordered by dealers for a customer, of the manufacturers. The machinery was shipped. and delay ensued in its delivery. The customer sued for damages resulting from the delay, alleging these facts and praying for damages and rental value. It was not shown that the carrier was informed of the purpose of the order. Subsequent to the shipment the dealers, by telegraph, urged haste in the shipment and delivery. *Held:*

1. The petition not alleging that the carrier had notice of the intended use, and of the necessity for promptness, only ordinary damages could be recovered. Rental value was error.

2. The subsequent notice by the dealers could not alter the contract previously made for the shipment, nor add to the liability of the carrier.

APPEAL from the County Court of Brown. Tried below before Hon. R. P. CONNER, County Judge.

*J. W. Terry*, for appellant.—The ordinary measure of damages for delay is the difference in the value of the property at the time it did arrive and the time when it should have arrived. If there was no market value at the place of destination, then the value at the nearest point where there was a market, with the cost of transportation added or deducted, as the circumstances may require, controls. Special damages, consisting in the loss of contemplated profits, or in the loss of the use of the property applied to some particular purposes at some particular time, are not recoverable, unless the circumstances which might give rise to such loss were communicated to the carrier at the time of the delivery of the property for transportation. Ligon v. Railway, 3 Willson's C. C., 17, and authorities; Railway v. Pickens, Ct. of App., Tyler Term, 1889; Railway v. Geerhard, Ct. of App., Jan. Term, 1882, opinion book 2, p. 524.

Counsel in argument for rehearing cited: Hutch. on Carriers, secs.

772, 773, 776; 1 Suth. on Dam., 84, 85; Field on Dam., secs. 374–388; Saw Mill Co. v. Nettleship, L. R. 3 C. P., 499; Ogle v. Lord Lane, L. R. 3 Q. B., 272; Corey v. Iron Works Co., L. R. 3 Q. B., 181; Hadley v. Baxendale, 9 Exch., 641; Denning v. Railway, 48 N. H., 455; Railway v. Mudford, 48 Ark., 502; Scott v. Steamship Co., 106 Mass., 468; Wabash v. Lynch, 12 Ill. App., 365; Railway v. Hall, 38 Ill., 360; Woodger v. Railway, 3 Com. Pleas Cases, 318; Horn v. Railway, L. R. 7 Com. Pleas Cases, 589–592; Harvey v. Railway, 124 Mass., 421; Spring v. Haskell, 4 Allen, 112; Railway v. Humphrey, 59 Md., 390; Tel. Co. v. Gildersleeve, 29 Md., 232; Collins v. Warren, 63 Texas, 312; Williams v. Warnell, 28 Texas, 612; Whitlock v. Castro, 22 Texas, 108; Yale v. Ward, 30 Texas, 18; Catlin v. Glover, 4 Texas, 151; Express Co. v. Darnell, 62 Texas, 639; Thompson v. Thompson, 12 Texas, 327; Mims v. Mitchell, 1 Texas, 443; Lemmon v. Hanley, 28 Texas, 219; Jones v. George, 61 Texas, 349; Hitchcock v. Buchanan, 105 U. S., 416; Dillon v. Bernard, 21 Wall., 430; Bintz v. Tyler, 79 Ill., 248; Hilderbrant v. Booth, 7 Texas, 500; Beal v. Alexander, 6 Texas, 537; Thomas v. Browder, 33 Texas, 783; Smith v. Garza, 15 Texas, 115.

No brief for appellee reached the Reporter.

FISHER, Chief Justice.—This is a suit by appellee against appellant, for damages for delay in the transportation of certain gin machinery from Oswego, New York, to Brownwood, Texas. Verdict and judgment in favor of appellee for $180.

The petition in this case charged the appellant and the other lines of road over which the goods were shipped as partners in the transportation of the goods from Oswego, New York, to Brownwood, Texas, which allegation of partnership was not denied under oath.

The principal question in the case is whether or not the proper measure of damages was submitted to the jury by the trial court. As the measure of damages, the court submitted to the jury the rental value of said machinery during the time of the delay.

Under the facts of this case, we think the evidence justified the court in submitting this as the proper measure of damages to the jury. The evidence shows that about the 16th of August, Hurlburt, who was the agent of the appellee in shipping the goods, notified the appellant that the machinery was to be used for the purpose of ginning cotton for the fall season of that year, and requested the appellant to hurry up the shipment. It appears that the machinery was bought for the purpose of being run as a gin during the summer and fall of that year, and was intended to be put into immediate operation for the purpose of ginning cotton as soon as it would arrive. It appears from the testimony that

this machinery was shipped from Oswego about the 10th of August, and did not arrive in Brownwood, Texas, until about the 6th of September; and it further appears that a reasonable time for such shipment was about nine or ten days.

The notification by Hurlburt to the appellant on the 16th of August of the importance of expediting the shipment and the purposes for which the machinery was intended to be used, put the appellant, it being a partner of the other shipping roads, upon contemplation and notice of the facts and the intended purpose for which the machinery would be used.

In ordinary shipments to merchants of the class of goods in which they deal, where the carrier does not know, or the facts do not put him upon contemplation, of any intended special purpose for which the property was intended to be used, the measure of damages for delay is the difference between the value of the property at the time it did arrive and the time when it should have arrived; but in cases where the carrier is charged with a knowledge of the special purposes for which the shipper intends to use the property, then for delay in such cases he can be charged with any special damages resulting from such delay which, in the nature of things, was reasonably within the contemplation of the parties at the time of shipment. The loss resulting from the use of the property during such time, we think, is a proper item of damages in such cases.

Allowing ten days as a reasonable time in which to transport the machinery from Oswego to Brownwood, the property should have arrived in Brownwood not later than August 26, it being within ten days after the time that Hulburt notified the appellant of the importance of the shipment on August 16; after the 26th of August, it appears that there was an unreasonable delay in the shipment from that time to September 6, the date of the arrival of the machinery at Brownwood. The weight of evidence in the case shows that the reasonable rental value of the machinery during the time of this delay was from $20 to $30 a day; place this value at the lowest amount, and it shows that the verdict of the jury was for a less amount than the appellee was entitled to.

We think the appellee could properly maintain this suit, although by arrangement between him and Hulburt and Semple they had an interest in the subject matter of the suit.

We have carefully considered all the remaining assignments of error, and decline to disturb the judgment of the court below.

Judgment affirmed.

*Affirmed.*

Delivered June 7, 1893.

### ON REHEARING.

FISHER, Chief Justice.—A re-examination of this case on motion for rehearing leads to the conclusion that the judgment heretofore rendered by this court affirming the judgment of the court below should be set aside and the judgment of the lower court reversed and the cause remanded.

The gist of the plaintiff's action against the appellant was for damages in the nature of rents or the value of the use of certain gin machinery that was delayed en route in shipment by the appellant and its alleged partnership carrier.

The measure of damages submitted to the jury by the charge of the court was the reasonable rental value of the machine during the time of the delay in its delivery occurring after the time when it should have been delivered.

It is urged that this charge is erroneous for the reason that it is not the measure of damages made by the pleadings and the evidence.

The amended petition, upon which the case went to trial, asks for a recovery of the value of the use or rental value of the machine during the time of the delay, but states no facts showing that the appellee is entitled to such damages.

It appears from the facts alleged, as well as those proven, that the machine was purchased and shipped by Hurlbut & Semple, merchants, who were dealing in such machinery, and that the carrier received the machine for shipment, consigned to them at Brownwood, Texas.

In shipments of this character to merchants of the class of goods in which they deal, the ordinary measure of damages resulting from delay in the shipment or delivery of the article shipped is the difference between the value of the property at the time it did arrive and the time when it should have arrived. Any sum sought to be recovered beyond this amount is necessarily special damages, and the pleadings must allege the facts that entitle the plaintiff to so recover such damages, and these allegations must be proven in order to warrant a recovery by the plaintiff.

It appears from the evidence that the machinery was purchased by Hurlbut & Semple for the appellee, Gilbert, to be used by him in ginning cotton; and the rental value of such machinery during the period of the delay is also shown. But do the pleadings aver and does the evidence show that the appellant or its alleged copartnership carrier, at the time that the contract of shipment was entered into, knew of the purposes for which said machine was to be used, or had knowledge of facts sufficient to put them upon contemplation of the intended uses and purposes to which the machine was to be devoted?

There is no allegation to this effect beyond that asking a recovery for rents. But if the facts in this respect had been fully alleged, the evidence upon this issue falls far short of making a case showing that such damages or rents or such intended use of the machine was within the contemplation of the carrier and the shipper at the time the contract of shipment was entered into. The only evidence bearing upon this question is that Hurlbut, one of the consignees, several days after the contract of shipment was entered into, and presumably after the goods were en route, notified the appellant of the purpose for which said machine was intended, and requested it to expedite the shipment. There is no pretense that the carrier knew of such purpose at the time of making the contract of shipment. The special damages for the value of the use or rent of the machine sought to be recovered in this case can only be allowed when they ensue as a result of the breach of the contract entered into at the time of the shipment. These damages are either recoverable only as the result of an express contract with the carrier that it should be so bound or from an implied liability resting upon the carrier by reason of the facts and circumstances surrounding the parties at the time the contract of shipment was made. There is no pretense in this case that the carrier is liable for the value of rent of the machine by reason of an express contract to that effect. If the facts and circumstances put the carrier upon notice or convey to it knowledge of the purpose and intended use of the machine, then it would become liable for the damages that may result to the shipper as a consequence of the delay. This being upon the theory that the special circumstances and purpose of the shipment being known to the carrier, it must use such reasonable diligence in the performance of its contract of carriage as would place the shipper in a position to reap the profits or enjoy the use that the parties contemplated and considered at the time of shipment would result to him if the goods had been delivered within a reasonable time.

In order to make the carrier liable for the damages that result by reason of the special circumstances known to it, those circumstances and the knowledge resulting therefrom must be made known to the carrier at the time that the contract of shipment is entered into. This upon the principle that the carrier, by reason of the additional risk and the increased liability, may enter into suitable stipulations looking to its protection. It is not enough to give notice to the carrier after the contract is made and the shipment has started in its transportation, because the liability of the carrier can not be increased by the subsequent knowledge of facts that did not exist in the contemplation of the parties at the time the engagement was entered into.

It then became an effort upon the part of one of the contracting parties to inject a stipulation into the contract after it was entered into that increases the liability of the other that was not mutually considered when

the engagement was made. The information of the intended purpose of the shipment conveyed by Hurlbut subsequent to the engagement was not sufficient to increase the liability of the appellant to the loss of the use or the value of the rent of the machine.

The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 4, 1893.

Motion for rehearing refused.