## Galveston, Harrisburg & San Antonio Railway Company v. T. A. Williams.

### Decided April 10, 1901.

**1.—Expert Evidence—Cause of Injury.**

An opinion by an expert witness that the condition of plaintiff's lungs was due to some injury inflicted from the outside, was admissible as expert testimony.

**2.—Deposition—Objections—Filing Presumed.**

Objections to a deposition on the ground that the interrogatories were leading, must be made before trial, if the deposition is filed more than one day before; and in the absence of any showing on this point, the presumption is in favor of such facts as to the filing as will sustain the ruling of the trial court.

**3.—Evidence—Leading Questions.**

Where in an action for personal injuries, after defendant's application for continuance had been handed to plaintiff, and his attention called to statements of the amount of his earnings as they would be testified to by an absent witness, he was asked whether or not the amounts named were correct, and all that plaintiff earned, the question was not a leading one.

**4.—Same—Immaterial Error.**

Error in allowing a leading question is immaterial where counsel making the objection to it was himself offering to prove the fact shown by the answer thus elicited, and in the argument of the case to the jury claimed it as an admitted fact.

**5.—Ordinary Care—Definition in Charge.**

A charge in an action for personal injury by a railroad fireman defining ordinary care as "such care as a person of ordinary prudence would have used under like circumstances," instead of "such care as a person of ordinary prudence would reasonably be expected to exercise under similar circumstances," was not misleading, since the two expressions mean substantially the same.

**6.—Charge of Court—Burden of Proof—Weight of Testimony.**

A charge that "the burden of proof is on the plaintiff to establish his case by a preponderance of evidence, but you are the sole judges of the credibility of the witness, and of the weight to be given to the testimony," is not objectionable as argumentative, and as intimating the court's opinion that the preponderance was for plaintiff.

Appeal from Medina. Tried below before Hon. I. L. Martin.

*Baker, Botts, Baker & Lovett, John R. Storms,* and *Walter Gillis,* for appellant.

*Ed. De Montell, S. B. Easley, H. C. Carter,* and *Perry J. Lewis,* for appellee.

JAMES, Chief Justice.—Plaintiff alleged that in performing his duties as fireman on one of defendant's engines, and while in the act of going out to the front of the locomotive along the running board, to close the headlight house door, which had come open while the locomotive was running, he placed his foot upon the step provided for the purpose of reaching the headlight, and while attempting to close the headlight house door, this step, by reason of it being in a defective and unsafe condition, turned and caused him to be thrown with great violence to the pilot of

the engine, and seriously and permanently injuring him. The negligence on the part of defendant charged was permitting said step to become loose and liable to turn when used as intended by being stepped on.

Defendant pleaded a general denial, and assumed risk and contributory negligence, in that the defective condition of the step, if any, was open, apparent, and well known to plaintiff, or would have been known to him by the exercise of ordinary care on his part; that when plaintiff undertook to close the door of the headlight house, the engine was running at a high rate of speed, rendering the attempt dangerous.

The verdict in favor of plaintiff is for $12,000.

As conclusions from the evidence in the record, in view of the verdict, we find that defendant was negligent in reference to the step, which negligence caused the injury, and that the risk was not one which, under the testimony, plaintiff assumed, nor was he chargeable with contributory negligence.

The first assignment is that the court erred in permitting Dr. Caffery to testify that in his opinion the present condition of plaintiff's lungs was due to some violence from without, or it, in other words, was due to some injury inflicted from the outside, for the reason that this was the question for the jury to determine from all the evidence, and was not such a fact or conclusion that a witness, as an expert, could testify about. The assignment practically concedes that the witness was an expert in such matters. The answer was proper expert testimony.

The facts relative to the second assignment are that appellant filed interrogatories to several witnesses, which were crossed by plaintiff. The depositions of these witnesses were taken upon these interrogatories and cross-interrogatories at the instance of plaintiff, appellant having failed to sue out a commission. At the trial plaintiff read the depositions in his own behalf, over objections to answers to the cross-interrogatories upon the ground that the cross-interrogatories were leading. The assignment can not be sustained, for the reason that such an objection must be made before the trial, if the deposition is filed more than one day before the case is called for trial, and in the absence of any showing on this subject, the presumption is in favor of facts that sustain the ruling. It is unnecessary to undertake to state any further reason.

The third assignment is that the court erred in allowing plaintiff's counsel to ask plaintiff as a witness, after defendant's application for continuance has been handed him and his attention called to the amounts which defendant had alleged therein would be testified to by one Hansden, if present, as the earnings of plaintiff for the time therein specified, "whether or not the amounts named in said application were correct, and all that he (plaintiff) earned," and in permitting him to answer "Yes, sir," because the question was leading. We do not regard the question, as presented in this assignment, a leading one. In addition to this it appears from the judge's qualification to the bill of exceptions that the application for continuance was before the jury to the extent that defendant's counsel read to them the amounts stated in the applica-

tion, and told the jury that these amounts were admitted by counsel for plaintiff to be his true earnings and all of his earnings. The application, although not introduced in evidence, was communicated to the jury by defendant's counsel so far as to disclose to them the amounts it claimed, and its absent witness would have testified to, as the correct amount of plaintiff's earnings, insisting that such fact was admitted by plaintiff's counsel. Under these circumstances we do not see how defendant could claim to have been prejudiced by the question and answer complained of in the assignment, had the question been leading. These remarks dispose of the fourth assignment also.

The fifth assignment is here copied: "The court erred in that part of the fourth paragraph of its charge to the jury, which requires the jury to find that plaintiff 'failed to use such ordinary care as a person of ordinary prudence would have used under like circumstances,' before they could find for the defendant, because the same is misleading and calculated to cause the jury to believe that the plaintiff was not required, in going out upon the engine while in rapid motion, to exercise as high degree of care for his own safety as a person of ordinary prudence would reasonably have been expected to have exercised under similar circumstances."

We also give the proposition advanced, to wit: "A person is required to use ordinary care for his own safety, and by ordinary care is meant such care as a person of ordinary prudence would reasonably be expected to exercise under similar circumstances, and not such 'ordinary care as a person of ordinary prudence would exercise, absolutely, under the same circumstances.'"

The court had defined ordinary care as meaning that degree of care that a person of ordinary prudence would use under the circumstances of the particular case. There is nothing in this feature of the charge that is fairly subject to objection, unless it be the use of the words, "ordinary care" when the word "care" would have sufficed. We do not believe, from what appears in the brief, that appellant has intended to make a point of the unnecessarily frequent use of the word ordinary in this portion of the charge. Its point seems to be that the charge should have been worded thus: "Failed to use such care as a person of ordinary prudence would reasonably be expected to use under similar circumstances," instead of saying "as a person of ordinary prudence would have used under like circumstances." It is claimed that the latter expression implies that any act done by a person of ordinary prudence is due care. The cases cited by appellee, Railway v. Finley, 79 Texas, 88, and Railway v. Bell, 75 Texas, 53, and many others approve of the charge as given in this respect. What a person of ordinary prudence would do, or the care that a person of ordinary prudence would use or exercise in like circumstances, can not mean other than what would be reasonably expected of such a person in like circumstances.

The court charged the jury that, "the burden of proof is upon the

plaintiff to establish his case by a preponderance of the evidence, but you are the sole judges of the credibility of the witnesses and of the weight to be given to the testimony." This, by the sixth assignment, is claimed to be argumentative, and intimates that in the judge's opinion the preponderance was that way, and that the jury could disregard testimony in order to so find. The charge is not fairly or justly subject to such criticism, especially in view of all the instructions given.

The seventh assignment is that the court should have given the following requested charge: "The burden of proof rests upon the plaintiff to prove all of the facts necessary to entitle him to recover, by a preponderance of the evidence, and unless you find that he has established all of such necessary facts by a preponderance of the evidence, you will return a verdict for the defendant." The charge as given was substantially to this effect.

The eighth and ninth assignments complain of the verdict as being against the preponderance of the evidence, and also as excessive. We are unable to sustain these assignments.

*Affirmed.*

Writ of error refused.