## MULDOON v. J. E. BRAY LAND CO.

(Court of Civil Appeals of Texas. Amarillo. May 11, 1912.)

1. TRIAL (§ 253*)—INSTRUCTIONS — ISSUE OF AGENCY.

In a broker's action for commission in which defendant answered by general denial, a charge that, if plaintiff was the procuring cause of a sale and found a purchaser who bought the land, he might recover was erroneous for omission to charge on the issue as to whether defendant listed his land with or authorized plaintiff to sell it.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613-623; Dec. Dig. § 253.*]

2. TRIAL (§ 234*)—INSTRUCTIONS—BURDEN OF PROOF.

An instruction in a broker's action for commission on the sale of land alleged to have been listed for sale by defendant, in which defendant answered by general denial that, if the jury found from the preponderance of the evidence that plaintiff was not the procuring cause of the sale, defendant was not liable, was erroneous in that it shifted plaintiff's burden of proof and required the jury to find affirmatively that plaintiff's allegations were not true before they could find for defendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 534-538, 566; Dec. Dig. § 234.*]

Appeal from Foard County Court.

Action by the J. E. Bray Land Company against Mathew Muldoon. Judgment for plaintiff, and defendant appeals. Reversed and remanded for new trial.

Robt. Cole, of Crowell, and Crudgington, Works & Umphres, of Amarillo, for appellant. R. S. Houssels, of Vernon, for appellee.

PRESLER, J. Appellee instituted this suit in the county court of Foard county, Tex., alleging that during the year 1910 plaintiffs were engaged in the business of real estate brokers, and that about the month of September, 1910, defendant listed various properties with plaintiffs for sale, and among other tracts was the west half of section No. 2, H., T. & B. R. R. Survey; that they at once proceeded to try and sell said land, and about the 1st of October, 1910, secured a purchaser in the person of J. M. Dunnivin at $26 per acre, amounting to $8,320, and that 5 per cent. on the total amount of said sale is a reasonable compensation for their services, and alleged their damages at $416. Defendant answered by general demurrer and general denial, and on the trial in said cause the jury returned a verdict for plaintiffs for 5 per cent. on $8,320, whereupon the court rendered judgment against the defendant for the sum of $416 and costs, from which said judgment the defendant duly appeals and here seeks to have said judgment reversed and remanded. The remainder of the trial court's general charge to the jury, after attempting to set out the nature of plaintiff's demand, is as follows: "If you find from the preponderance of the evidence that said Bray Land & Brokerage Company were in any

manner the procuring cause of sale of said tract of land, and did in any manner whatever find a purchaser who was ready, able, and willing to purchase and who did purchase said tract of land, it matters not how long the sale was in consummating, you will find for the plaintiff. Second. If you find from the preponderance of the evidence that the Bray Land & Brokerage Company, nor either of them, were the procuring cause of the sale of the said tract of land to the purchaser J. Dunnivin, you will find for the defendant. Third. If you believe from the evidence that 5 per cent. is the reasonable and customary per cent. commission for the sale of land, you will find for the amount sued for, but if you should find that 5 per cent. is unreasonable, and not the customary charge, you will find for the plaintiff in the lesser amount, on the basis of smaller per cent."

[1] Appellant, under his first assignment, complains that said charge, in addition to being ambiguous and confusing to the minds of the jury, omits to instruct upon the question of appellee's agency, and that the same is a material issue in the case, as shown by the pleadings and the evidence. We are of the opinion that this objection is well taken. The charge referred to, as shown by the record, appears to be so full of interlineations and erasures to be nearly unintelligible, and, from an inspection of the pleadings and the evidence, it appears that there is a substantial issue presented as to whether or not appellant listed his land with or gave appellees any authority to sell the same. We therefore conclude that material error is presented by said assignment and that the same should be sustained. Passmore on Instructions to Juries, § 104; Atwell v. Watkins, 13 Tex. Civ. App. 668, 36 S. W. 103; G., C. & S. F. Ry. Co. v. Kizziah, 4 Tex. Civ. App. 356, 22 S. W. 110; McGown v. International & G. N. Ry. Co., 85 Tex. 289, 20 S. W. 80.

[2] Appellant under his second assignment of error contends that, while the law places the burden of proof upon appellees to establish every material allegation of their cause of action by a preponderance of the evidence, the effect of the second paragraph of the court's charge is to shift the burden of proof upon appellees and to require the jury to find affirmatively by a preponderance of the evidence that appellee's allegations are not true before they were authorized to find for appellant. We think this contention of appellant is well taken and shows material error in the portion of the charge complained of. Greenleaf on Evidence (13th Ed. May) § 74, and cases there cited; L. & C. Co. v. State, 80 Tex. 687, 16 S. W. 649; G., H. & S. A. R. Co. v. Williams, 26 Tex. Civ. App. 153, 62 S. W. 808; Clarke v. Hills, 67 Tex. 141, 2 S. W. 356.

Because of the errors indicated, we conclude that this cause should be here reversed and remanded for a new trial, and it is accordingly so ordered.

HALL, J., not sitting.